LANE, J.
That a person robbed, instantly states the fact, institutes a search, and prosecutes the offender, are circumstances for the jury. It would be difficult to establish such facts except by the attending circumstances. Such evidence is competent, as it would be for the plaintiff to show that at the time of the alleged robbery the defendant remained silent, neither instituting search or prosecution.
Doty swore that he apprehended a man charged with the lar *618 ceny, found a $100 note on him corresponding to the one described given to the defendant inMaysville; it is now here, having beerr offered to the plaintiff and refused, because the whole sum lost was-not offered.
Fox then offered evidence,
that about that time there were several robberies.
Van Matre objected and it was ruled out.
The record of the conviction of the thief was then offered, with; evidence that the defendant prosecuted.
Van Matre objected.
Kyle and Van Matre for the plaintiff.
*Fox contra.
LANE, J. A man must prosecute the thief who steals from him, or there can be no conviction — if he do so, and acts like an honest man, are his honest and proper acts inadmissible to show the fact of the larceny and conviction ? It would seem to us unreasonable, if it were so. The objection is overruled.
LANE, J. to the jury. A person who takes bank notes to carry for another without reward, is bound to take the same care of them-he does of his own. If he does not take such care and loss ensues, he is liable; if he takes such care and is robbed, the loss is not his. If such bailee use the money given to him and substitute other money, which is stolen, the money he took becomes a debt for which he is liable. The $100 note you may throw out of view. If the defendant is liable at all, he is liable for the whole that was stolen — if not so liable, the $100 note is the plaintiff’s property, has been offered to him and he refused it, and is now in court for him to take if he choose, or if he still refuse, the defendant will hold it for his use when he demands it.
Verdict and judgment for the defendant. The plaintiff then took the $100.
[Loss of money by gratuitous bailee; Darling v. Younker, 37 0. S. 487, 493.]